<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RICHARD LEES,

               Plaintiff,

               v.

MUNICH REINSURANCE AMERICA,
INC., et al.,

               Defendants.

Civil Action No. 14-2532 (MAS) (TJB)

**MEMORANDUM OPINION**

<u>**SHIPP, District Judge**</u>

       This matter comes before the Court upon Defendant Munich Reinsurance America, Inc.'s ("Munich") motion to dismiss Plaintiff Richard Lees' ("Plaintiff") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 8.) Plaintiff opposed the motion (ECF No. 14), and Munich replied (ECF No. 17). The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Munich's motion to dismiss Plaintiff's Complaint is granted in part and denied in part.

**I.**     <u>**Background**</u>

       This case involves misrepresentations allegedly made to Plaintiff regarding his entitlement to certain pension credits and benefits. Plaintiff is an employee of Defendant Munich at its Princeton, New Jersey office. (Compl. ¶ 1, ECF No. 1.) On July 1, 1991, Plaintiff was hired by Munich's predecessor, American Re-Insurance Company ("American"). (*Id.* ¶ 7.) From approximately October 28, 1996, through August 15, 1999, Plaintiff worked for American but was

paid by "an entity known as SMS." (*Id.* ¶ 8.) In June 1999, American sought to transfer Plaintiff from SMS's payroll to American's payroll. (*Id.* ¶ 9.) Plaintiff allegedly advised American that he would agree to the transfer if American would agree to treat the time Plaintiff was on SMS's payroll as if Plaintiff had been on the payroll of American for the purpose of his pension benefits. (*Id.* ¶ 10.) According to Plaintiff, instead of accepting a "sign-on bonus," Defendants Robert Humes and Virginia Zdanowicz, human resource employees of American, advised Plaintiff that American would treat the time he was on the SMS payroll as if he had been on the American payroll for the purpose of all benefits, including pension benefits. (*Id.* ¶ 12.)

After the payroll transfer, Plaintiff retained the same employment duties, telephone number, and e-mail address. (*Id.* ¶ 13.) Additionally, Plaintiff's "Employee Profile" at Munich states that his date of hire was July 1, 1991. (*Id.* ¶ 14; Supplemental Certification of Robert H. Bernstein ("Bernstein Supp. Cert."), Ex. A, ECF No. 17-1.) Plaintiff, however, alleges he was informed by Munich in April 2011 that he would not receive pension credit for the time period he was on SMS's payroll. (Compl. ¶ 17.) In addition, Plaintiff alleges that another employee, Paul Rossmango, and possibly others, were informed that they would receive pension credit for time on SMS's payroll in lieu of a sign-on bonus. (*Id.* ¶ 18.)

In June 2011, Plaintiff and Rossmango filed a complaint in a prior action in the New Jersey Superior Court, and Munich removed it to the District of New Jersey. (*Id.* ¶¶ 19-20.) Rossmango settled his claim with Munich. (*Id.* ¶ 22.) The Honorable Anne E. Thompson, U.S.D.J., dismissed all of Plaintiff's claims, holding that the state law claims alleged in the complaint were preempted by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, but granted leave to file an amended complaint. (Compl. ¶¶ 21-23.) Plaintiff filed an amended complaint, and after filing an answer, Munich moved to dismiss the amended complaint asserting

2

that Plaintiff had failed to exhaust his plan administrative remedies. (*Id.* ¶¶ 24-25, 27.) Judge Thompson granted Munich's motion and dismissed Plaintiff's amended complaint without prejudice. (*Id.* ¶ 28.) Plaintiff alleges that, on June 19, 2013, the Munich fiduciaries denied his claim, and on September 19, 2013, his appeal was also denied. (*Id.* ¶¶ 30, 32.)

On April 14, 2014, Plaintiff filed a nine-count Complaint in this action against Defendants Munich, Robert Humes, and Virginia Zdanowicz for: (1) clarification of rights; (2) breach of fiduciary duty; (3) delinquent contributions; (4) promissory estoppel; (5) equitable fraud; (6) disgorgement; (7) unjust enrichment/quantum meruit; (8) reformation; and (9) unclean hands/bad faith. Defendant Munich now moves to dismiss the Complaint in its entirety. (ECF No. 8.)

## II.  **Legal Standard**

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

When considering a motion to dismiss for failure to state a claim, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Last, once the well-pleaded facts have been identified and the

conclusory allegations disregarded, a court must determine whether the "facts alleged in the complaint are sufficient to show the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). Determining plausibility is a "context-specific task which requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

As a general rule, when the court is ruling on a motion to dismiss, it may only consider the pleadings. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "However, an exception to the general rule is that a 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

### III.   Analysis

Congress enacted the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, to "protect . . . the interests of participants in employee benefit plans and their beneficiaries" by setting out substantive regulatory requirements for employee benefit plans and to "provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). ERISA's "comprehensive legislative scheme" includes "an integrated system of procedures for enforcement." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985). ERISA subjects employee benefit plans to participation, funding, and vesting requirements, and to uniform standards on matters like reporting, disclosure, and fiduciary responsibility. *Shaw v. Delta*

4

*Air Lines, Inc.*, 463 U.S. 85, 90-91 (1983). "Designed to provide consistency to employers throughout the United States in how they manage their benefit plans, ERISA sets forth six civil enforcement provisions. § 1132(a)." *King v. UNUM Life Ins. Co. of Am.*, 221 F. Supp. 2d 1, 3 (D. Me. 2002). The three provisions at issue in this case are contained in § 1132(a)(1), (2), and (3).

Under § 1132(a)(1), a participant may bring a federal civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." § 1132(a)(1)(B). Under § 1132(a)(2), a participant may seek relief for breach of a fiduciary duty. *See* § 1132(a)(2). The third pertinent remedial provision, § 1132(a)(3), authorizes a plan participant to bring a federal civil action "to obtain other appropriate equitable relief" to address violations of ERISA. § 1132(a)(3).

Pursuant to these provisions, Plaintiff's Complaint asserts nine separate causes of action against Munich in relation to the alleged misrepresentation regarding credit he would receive for his pension benefits. In support of its motion to dismiss, Munich asserts three arguments as to why Plaintiff's Complaint should be dismissed in its entirety. First, Munich argues that Plaintiff's Complaint must be dismissed because it fails to allege that the decision denying him credit for pension from October 1996 through August 1999 was arbitrary and capricious. Second, Munich argues that Plaintiff's Complaint must also be dismissed because Plaintiff only asserts informal oral representations as amendments to the pension plan, not ERISA plan documents. Third, Munich argues the Complaint must be dismissed as to counts four, five, six, seven, and nine because they are mirror images of common law claims that Judge Thompson already ruled were preempted by ERISA. The Court will address each argument in turn.

### A.     Section 1132(a)(1)(B) Claim

As an initial matter, Munich argues that pleading deficiencies warrant dismissal of Plaintiff's Complaint.   Specifically, Munich asserts that the arbitrary and capricious standard applies in this case, and Plaintiff's Complaint "does not allege that the decision by the Committee was either 'arbitrary or capricious' or 'an abuse of discretion.'"   (Def.'s Moving Br. 7, ECF No. 8-1.)  In his opposition, Plaintiff does not address Munich's argument.

It is well-established that a participant or beneficiary has standing to sue under ERISA § 1132(a), the statute's civil enforcement mechanism.  *See* 29 U.S.C. § 1132(a); *see also Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 399-400 (3d Cir. 2004).  Under § 1132(a)(1)(B), a participant in an ERISA benefit plan denied benefits by the plan's administrator may sue in federal court "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).  To assert a claim under this provision, a plan participant must demonstrate that "he or she . . . ha[s] a right to benefits that is legally enforceable against the plan" and that the plan administrator improperly denied those benefits. *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 574 (3d Cir. 2006).  "[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator . . . discretionary authority to determine eligibility for benefits or to construe the terms of the plan;" if so, review under an "arbitrary and capricious" standard is appropriate. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

Here, according to the terms of the Plan Description,[1] the Board of Directors of Munich appoints a committee with "exclusive authority and sole and absolute discretion to interpret the Plan documents, . . . to determine eligibility for benefits, and to make any factual determination, resolve factual disputes or decide all matters in connection with the interpretation, administration and operation of the Plan or a determination of eligibility for benefits." (Certification of Robert H. Bernstein ("Bernstein Cert."), Ex. E at 12, ECF No. 8-7.) As a threshold matter, this language clearly triggers application of the deferential arbitrary and capricious standard of review. *See, e.g., Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 121 (3d Cir. 2012).

Plaintiff's Complaint, as to Count One,[2] is comprised largely of legal conclusions and conclusory statements. Indeed, Plaintiff simply asserts that the "Munich fiduciaries denied Plaintiff's appeal" and that he "is entitled to a clarification of his rights." (Compl. ¶¶ 32, 35.) Correspondingly, Plaintiff does not provide facts to support why the denial by the Plan's administrator was arbitrary or capricious and does not state anywhere in the Complaint that the denial was arbitrary or capricious. As a result, Plaintiff's Complaint does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face under § 1132(a)(1)(B). As a result, dismissal of Count One is warranted.

---

[1] Defendant attached the Munich Pension Plan Summary Plan Description ("Plan Description") as an exhibit to its motion to dismiss. The Plan Description is "integral" to the claim, and thus, the Court may consider it on a motion to dismiss since Plaintiff's claims are based on that document. *See Generations Physical Med., LLC v. United Healthcare Servs., Inc.*, No. 11-2790, 2012 WL 136897, at *1 (D.N.J. Jan. 18, 2012) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

[2] Count One of Plaintiff's Complaint is the only claim brought under § 1132(a)(1)(B), to clarify rights. Munich provides no authority as why this standard should be applied to Plaintiff's other claims.

7

**B.      Section 1132(a)(2) Claim**

Additionally, Munich argues that Plaintiff's Complaint must be dismissed in its entirety because oral misrepresentations cannot support any of Plaintiff's claims under ERISA. Under § 1132(a)(2), a participant may seek relief for breach of a fiduciary duty. *See* § 1132(a)(2). While Defendant cites a litany of case law in this Circuit, and elsewhere, to support the proposition that only written amendments can change or amend an ERISA plan, only one case, from the Second Circuit, addresses breach of fiduciary duty claims under § 1132(a)(2). *See Ladouceur v. Credit Lyonnais*, 584 F.3d 510 (2d Cir. 2009).[3]

In *Ladouceur*, the Second Circuit, in affirming a summary judgment decision, held that oral representations purporting to change an employee pension benefits plan did not support an employees' breach of fiduciary duty claim under ERISA. The Third Circuit, however, has not specifically addressed this issue. Section 1109(a) "makes fiduciaries liable for breach of [their] duties, and specifies the remedies available against them." *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 252(1993). Section 1132(a)(2), allows a plan participant to bring a civil action for appropriate relief under § 1109. *Id.* at 252-53. A claim under ERISA for breach of fiduciary duty requires proof that: "(1) the defendant was acting in a fiduciary capacity; (2) the defendant made affirmative misrepresentations or failed to adequately inform plan participants and beneficiaries; (3) the

---

[3] In opposition, Plaintiff argues that the motion is premature and must be denied under Rule 56(f) of the Federal Rules of Civil Procedure because Plaintiff should be allowed discovery responses to written discovery it propounded on Munich in the prior action before Judge Thompson that was dismissed. (Pl.'s Opp'n 10-16, ECF No. 14.) Plaintiff has not cited to any rule or case law, other than Rule 56(f), to support his argument. Rule 56(f) permits the court, "[a]fter giving notice and a reasonable time to respond," to: "(1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f). The Court finds that Plaintiff's argument lacks merit.

misrepresentation or inadequate disclosure was material; and (4) the plaintiff detrimentally relied on the misrepresentation or inadequate disclosure." *Segura v. Dr. Reddy's Labs., Inc.*, No. 11-6188, 2012 WL 6772060, at *3 (D.N.J. Dec. 21, 2012) (quoting *Shook v. Avaya, Inc.*, 625 F.3d 69, 73 (3d Cir. 2010)).  Nothing in Third Circuit precedent excludes oral misrepresentations from ERISA's reach to support a breach of fiduciary duty claim.  *See Weaver Bros. Ins. Assocs. v. Braunstein*, No. 11-5407, 2014 WL 2599929, at *21 (E.D. Pa. June 10, 2014).

Additionally, even if the Court were to adopt the reasoning of the Second Circuit in *Ladouceur*, the Second Circuit at the motion to dismiss stage vacated the district court's dismissal and remanded for further proceedings "on the ground that plaintiffs had alleged facts sufficient to support their claims, and that further discovery might reveal a sufficient writing." *Ladouceur*, 584 F.3d at 512.  Here, Plaintiff alleges sufficient facts to support a breach of fiduciary claim, and further discovery into his employee file may reveal additional written materials to support his claim.  Accordingly, Munich's motion to dismiss is denied.

### C.      Section 1132(a)(3) Claims

Lastly, Munich argues that Counts Four (promissory estoppel), Five (equitable fraud), Six (disgorgement), Seven (unjust enrichment/quantum meruit), and Nine (unclean hands/bad faith) of Plaintiff's Complaint, pursuant to § 1132(a)(3), must be dismissed because they are "mirror images of the common law claims this Court held are preempted by ERISA."[4]  (Def.'s Moving

---

[4] Munich asserts in its Reply that these counts, along with Counts One, Three, and Eight must be dismissed because they are impermissibly duplicative and all seek relief under § 1132.  (Def.'s Reply 4.)  As this argument was raised for the first time on reply, the Court will decline to consider it.  *See Tigert v. Ranbaxy Pharm., Inc.*, No. 12-154, 2012 WL 6595806, at *5 (D.N.J. Dec. 18, 2012) (citing *United States v. Boggi*, 74 F.3d 470, 478 (3d Cir. 1996) (declining to consider arguments raised in a reply brief to avoid prejudice to appellees); *Stern v. Halligan*, 158 F.3d 729, 731 n.3 (3d Cir. 1998) ("A party cannot raise issues for the first time in a reply brief."); *D'Alessandro v. Bugler Tobacco Co.*, No. 05-5051, 2007 WL 130798 (D.N.J. Jan. 12, 2007)).

Br. 12.) Specifically, Munich argues that Plaintiff continues to assert these common law claims, now "thinly veiled behind unrelated ERISA statutory sections." (Def.'s Moving Br. 12.) In response, Plaintiff contends that the "equitable estoppel" relief sought by Plaintiff is consistent with relief recognized by the Third Circuit under § 1132(a)(3).

Section 1132(a)(3) serves as a "catchall provision" for plaintiffs who cannot otherwise bring a cause of action under the remaining sections of § 1132. *Varity v. Howe*, 516 U.S. 489, 512 (1996). The Supreme Court, however, has been "reluctant to tamper with [the] enforcement scheme" embodied in the statute by extending remedies not specifically authorized by its text. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985). The Supreme Court has noted that ERISA's "carefully crafted and detailed enforcement scheme provides 'strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly.'" *Mertens*, 508 U.S. at 254 (quoting *Russell*, 473 U.S. at 146-47). In *Mertens*, the Supreme Court explained that "equitable relief must mean something less than all relief." *Id.* at 258, n.8. Instead, the term "equitable relief" in § 1132(a)(3) "must refer to those categories of relief that were typically available in equity." *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209-10 (2002). Additionally, the Supreme Court found that courts should prevent plaintiffs from having two bites at the apple; "[courts] should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be appropriate." *Varity*, 516 U.S. at 515.

Here, in Counts Four, Five, Six, Seven, and Nine of Plaintiff's Complaint, he seeks the same relief:

> [R]eformation of the Munich pension plan to allow Plaintiff credit for the period of October 28, 1996 through August 15, 1999 when Plaintiff was on the payroll of SMS, disgorgement of the forsaken sign-on bonuses of Plaintiff, Rossmango and others similarly situate [sic] offered in 1999 plus interest and/or profit of same to

> be deposited with the Munich pension plan, liquidated damages together with interest, costs of suit, attorney's fees, and such other relief that this Court deems just, equitable and appropriate under the circumstances of this case.

(Compl. at 13-16, 17.)  Plaintiff in essence requests compensatory damages merely framed as "equitable relief." It is undeniable that Plaintiff seeks money damages he claims are due as a result of the alleged misrepresentations made to him by Defendants regarding his pension benefits. Such relief is not available under § 1132(a)(3). Additionally, Plaintiff may not seek the same relief under §1132(a)(3) that he is seeking under § 1132(a)(2). Plaintiff's § 1132(a)(3) claims are nothing more than an attempt to couch his previous claims in the form of equity. *See, e.g.*, *Dupont v. Sklarsky*, No. 08-1724, 2009 WL 776947, at *8-9 (D.N.J. Mar. 20, 2009). Furthermore, Plaintiff has not plead any claim for "equitable estoppel" in his Complaint, and this Court will not construe Plaintiff's Complaint as pleading such.

Accordingly, Counts Four (promissory estoppel), Five (equitable fraud), Six (disgorgement), Seven (unjust enrichment/quantum meruit), and Nine (unclean hands/bad faith) of Plaintiff's Complaint are dismissed with prejudice.

## IV. Conclusion

For the reasons set forth above, it is hereby ordered that Defendant Munich's motion to dismiss Plaintiff's Complaint is granted in part and denied in part. An Order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: March 9th, 2015