**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RICHARD LEES,

        Plaintiff,

v.

MUNICH REINSURANCE AMERICA, INC., et al.,

        Defendants.

Civil Action No. 14-2532 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Defendant Munich Reinsurance America, Inc.'s ("Munich" or "Defendant") motion to dismiss Plaintiff Richard Lees' ("Plaintiff") First Amended Complaint. (ECF Nos. 27, 29.) Plaintiff opposed the motion (ECF No. 31), and Defendant replied (ECF No. 32). On October 7, 2015, the Court heard oral argument on the motion, placed its decision on the record, and issued an Order the following day (ECF No. 35). The Court dismissed with prejudice Counts One, Three, and Four of Plaintiff's First Amended Complaint.[1] (*Id.*) As to Count Two, the Court converted Defendant's motion to dismiss into a motion for summary judgment and required Defendant to submit a statement of undisputed material facts. (*Id.*) Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, Plaintiff was required to respond to Defendant's statement or submit an affidavit. Defendant filed a Statement of Uncontested Material Facts (ECF No. 36), and Plaintiff filed a Response to Defendant's Statement of

---

[1] The Court also dismissed all claims against Defendants Robert Humes and Virginia Zdanowicz for failure to serve pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Uncontested Material Facts (ECF No. 37). The Court has carefully considered the parties' submissions, and for the reasons stated below, the Court grants Defendant's motion.

## I. Background and Procedural History

This case involves misrepresentations allegedly made to Plaintiff regarding his entitlement to certain pension credits and benefits. On July 1, 1991, Plaintiff was hired by Defendant's predecessor, American Re-Insurance Company ("American"). (Def.'s Statement of Undisputed Material Facts ("SUMF") ¶ 1, ECF No. 36; Pl.'s Resp. to Def.'s SUMF ("Pl.'s Resp.") ¶ 1, ECF No. 37.) From approximately October 28, 1996, through August 15, 1999, Plaintiff worked for and was paid by a company called Systems Management Specialists ("SMS"). (Def.'s SUMF ¶¶ 2-3; Pl.'s Resp. ¶¶ 2-3.) On August 15, 1999, Plaintiff recommenced his employment with American. (Def.'s SUMF ¶ 3; Pl.'s Resp. ¶ 3.)

In June 2011, Plaintiff and Paul Rossmango filed a complaint in a prior action in the New Jersey Superior Court, and Munich removed it to the District of New Jersey. (Am. Compl. ¶¶ 19-20, ECF No. 23.) Rossmango settled his claim with Munich. (*Id.* ¶ 22.) The Honorable Anne E. Thompson, U.S.D.J., dismissed all of Plaintiff's claims, holding that the state law claims alleged in the complaint were preempted by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, but granted leave to file an amended complaint. (*Id.* ¶¶ 21, 23.) Plaintiff filed an amended complaint, and after filing an answer, Munich moved to dismiss the amended complaint asserting that Plaintiff had failed to exhaust his plan's administrative remedies. (*Id.* ¶¶ 24-25, 27.) Judge Thompson granted Munich's motion and dismissed Plaintiff's amended complaint without prejudice. (*Id.* ¶ 28.)

On April 12, 2013, Plaintiff's counsel wrote the Munich Pension Committee, stating:

Mr. Lees is seeking Plan credit for the period October 28, 1996 through August 15, 1999 (2 years and 10 months) based upon representations made to him in June,

>1999 by Human Resource employees for American Re-Insurance Company, a member of and predecessor of Munich Re, that American Re-Insurance Company, a member of and predecessor of Munich Re, would treat the time Mr. Lees was on the SMS payroll [ie. the period October 28, 1996 through August 15, 1999 (2 years and 10 months)], for the purpose of all benefits, including pension benefits under the Plan, as if Mr. Lees had been on the payroll of American Re-Insurance Company, a member of and predecessor of Munich Re for the entire period.

(Def.'s SUMF ¶ 4, Certification of Robert H. Bernstein ("Bernstein Cert.") Ex. B; Pl.'s Resp. ¶ 4.) Plaintiff's counsel further asserted that "[i]n June 1999, Mr. Lees agreed that in exchange for declining a sign-on bonus to leave SMS for American . . . , American . . . would treat the time Mr. Lees was on the SMS payroll [ie. the period October 28, 1996 through August 15, 1999 (2 years and 10 months)], for the purpose of all benefits, including pension benefits under the Plan, as if Mr. Lees had been on the payroll of American . . . for the entire period." (Def.'s SUMF ¶ 5, Bernstein Cert. Ex. B; Pl.'s Resp. ¶ 5.) In support of the alleged representations made to Plaintiff, Plaintiff's counsel stated that Plaintiff's 'EMPLOYEE PROFILE" "since July 12, 1999 indicat[ed] Mr. Lees [sic] 'HIRE DATE' to be July 1, 1991, and, that Mr. Lees did not seek a sign-on bonus to which he would otherwise have been entitled, Mr. Lees assumed his pension under the Plan with Munich Re would be based upon his hiring date of July 1, 1991 without any interruption until his retirement." (Pl.'s Resp. ¶ 6; Bernstein Cert. Ex. B, 3.)

On July 19, 2013, Munich, through Gordon Furlong, Munich's Head of Regional Compensation and Benefits, denied Plaintiff's claim seeking benefit credits for the time he was on SMS's payroll and informed Plaintiff he could file an appeal. (Def.'s SUMF ¶¶ 7-10, Bernstein Cert. Ex. C; Pl.'s Resp. ¶¶ 7-10.) On August 9, 2013, Plaintiff appealed the decision, and on September 19, 2013, Plaintiff's appeal was denied. (Def.'s SUMF ¶¶ 12, 15; Pl.'s Resp. ¶¶ 12, 15.)

On April 14, 2014, Plaintiff filed a nine-count Complaint in this action against Defendants Munich, Robert Humes, and Virginia Zdanowicz for: (1) clarification of rights; (2) breach of fiduciary duty; (3) delinquent contributions; (4) promissory estoppel; (5) equitable fraud; (6) disgorgement; (7) unjust enrichment/quantum meruit; (8) reformation; and (9) unclean hands/bad faith. (ECF No. 1.) Defendant moved to dismiss the Complaint in its entirety. (ECF No. 8.) The Court dismissed Count One without prejudice and dismissed Counts Four, Five, Seven, and Nine of Plaintiff's Complaint with prejudice. (ECF No. 21.) As to Count One (clarification of rights), the Court held that Plaintiff's claim under § 1132(a)(1)(B) of ERISA failed to state a claim because it did not provide why the denial by the Plan's administrator was arbitrary or capricious. (ECF No. 20.) As to Counts Four, Five, Seven, and Nine, the Court held that Plaintiff was seeking compensatory damages merely framed as equitable relief and Plaintiff had not pled a claim for equitable estoppel under §1132(a)(3) of ERISA. (*Id.*)

On March 27, 2015, Plaintiff filed his First Amended Complaint against Defendants Munich, Robert Humes, and Virginia Zdanowicz for: (1) Munich Re as Plan Administrator Improperly, Arbitrarily and Capriciously Denied Benefits to Plaintiff in violation of § 1132(a)(1)(B); (2) Breach of Fiduciary Duty in violation of §§ 1132(a)(2) and 1109; (3) Delinquent Contributions in violation of § 1132; and (4) Appropriate Equitable Relief pursuant to § 1132(a)(3). (ECF No. 23.) Defendant moved to dismiss all counts with prejudice. (ECF No. 27.) Following oral argument, the Court dismissed Count One with prejudice for again failing to set forth sufficient facts demonstrating that the Plan Administrator's decision denying him credit was arbitrary and capricious. Specifically, the Court held that Plaintiff's allegations of a biased investigation and the failure to interview certain persons set forth in the First Amended Complaint were not sufficient to state a claim that the Plan Administrator's decision was arbitrary and

capricious. Plaintiff voluntarily withdrew Count Three (Delinquent Contributions). As to Count Four, the Court dismissed with prejudice Plaintiff's continued attempt to assert state law claims for compensatory damage couched as equitable relief. In addition, the Court dismissed all claims against Defendants Robert Humes and Virginia Zdanowicz pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. As to Count Two, the Court converted Defendant's motion to dismiss into a motion for summary judgment and this decision follows.

## II. Legal Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* A dispute is genuine if there is sufficient evidentiary support such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson*, 477 U.S. at 248). The party moving for summary judgment has the initial burden of proving an absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). To decide whether a genuine dispute of material fact exists, the Court must consider all facts, drawing all reasonable inferences in a light most favorable to the non-moving party. *Kaucher*, 455 F.3d at 423. On a motion for summary judgment, however, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine [dispute] for trial." *Anderson*, 477 U.S. at 249.

"A party that opposes summary judgment on the grounds of insufficient discovery has the ability to do so through Rule 56(d)." *Malouf v. Turner*, 814 F. Supp. 2d 454, 459 (D.N.J. 2011). If facts are unavailable to the nonmovant, it may "show[] by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). "Vague or general statements of what a party hopes to gain through a delay for discovery under Rule 56(d) are insufficient." *Malouf*, 814 F. Supp. 2d at 459-60 (citing *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 230 (3d Cir. 1987)). If the nonmovant presents sufficient reasoning by affidavit, the Court may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Absent a genuine dispute for trial, summary judgment as a matter of law is proper.

## III. Analysis

In Count Two of the First Amended Complaint, Plaintiff asserts that Defendant's failure to contribute the $20,000 bonus to the Munich pension plan, due to Plaintiff for leaving SMS and returning to American, violated §§ 1132(a)(2) and 1109 of ERISA. (Am. Compl. ¶¶ 39-44.) Plaintiff asserts that this failure to contribute is a breach of Defendant's fiduciary obligations, and Plaintiff and the Munich pension plan have sustained, and will continue to sustain, damages. (*Id.*) As a result, Plaintiff primarily seeks "[r]eformation of and/or contribution to the Munich re pension plan to allow and contribute on behalf of Plaintiff sustaining Plaintiff's entitlement to the Munich Re pension plan for the period of October 28, 1996 through August 15, 1999 when Plaintiff was on the payroll of SMS." (*Id.* at 13.)

Pursuant to §1132(a)(2), "[a] civil action may be brought . . . by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." 29 U.S.C. §1132(a)(2). Section 1109 states that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the

6

responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach . . . ." § 1109(a). Actions pursuant to § 1132(a)(2) "must be brought on behalf of the plan itself-and must, therefore, seek to restore losses *to the plan.*" *Leckey v. Stefano*, 501 F.3d 212, 226 (3d Cir. 2007), *as amended* (Dec. 21, 2007) (citing *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985)). Section 1132(a)(2) "is not a vehicle for individual relief." *Id.* (citing *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002)).

Although styled as a claim under §1132(a)(2) to restore the alleged $20,000 bonus contribution to the Munich pension plan, Count Two of Plaintiff's First Amended Complaint truly seeks individual relief, Plaintiff's entitlement to pension credit for the period of October 28, 1996, through August 15, 1999. This is not a claim brought on behalf of the Munich pension plan, and therefore, §1132(a)(2) is an inappropriate vehicle for relief. Additionally, even if Plaintiff asserted his claim for individual relief based on his breach of fiduciary duty theory under §1132(a)(3), the same arbitrary and capricious standard that the Court applied to Plaintiff's §1132(a)(1) claim under Count One would apply. *See Varity Corp. v. Howe*, 516 U.S. 489, 514-15 (1996) ("[C]haracterizing a denial of benefits as a breach of fiduciary duty does not necessarily change the standard a court would apply when reviewing the administrator's decision to deny benefits."). As such, Plaintiff's breach of fiduciary duty claim under § 1132(a)(3) would likewise fail.

Lastly, even if this Court were to construe Plaintiff's First Amended Complaint to assert a claim for equitable estoppel pursuant to § 1132(a)(3), such claim would fail. The Third Circuit has held that an employer can be liable under ERISA in its fiduciary capacity for making an affirmative misrepresentation on a theory of equitable estoppel. *See Curcio v. John Mancock Mut. Life Ins. Co.*, 33 F.3d 226, 235 (3d Cir. 1994). Under § 1132(a)(3), a beneficiary may "obtain . . .

appropriate equitable relief . . . to redress [ERISA] violations or . . . to enforce any provisions of [ERISA]." *Pell v. E.I. DuPont de Nemours & Co. Inc.*, 539 F.3d 292, 300 (3d Cir. 2008) (quoting 29 U.S.C. § 1132(a)(3)). Under §1132(a)(3), "[a] beneficiary can make out a claim for 'appropriate equitable relief,' based on a theory of equitable estoppel." *Id.* (quoting § 1132(a)(3)). "To succeed under this theory of relief, an ERISA plaintiff must establish (1) a material representation, (2) reasonable and detrimental reliance upon the representation, and (3) extraordinary circumstances." *Id.* (quoting *Curcio*, 33 F.3d at 235).

The Third Circuit has found that "extraordinary circumstances exist[] in a variety of factual scenarios." *Id.* at 303 (citing *Kurz v. Phila. Elec. Co.*, 96 F.3d 1544, 1553 (3d Cir. 1996)). Extraordinary circumstances can arise by "a showing of affirmative acts of fraud," establishing a "network of misrepresentations that arises over an extended course of dealing between parties," or based on "the vulnerability of particular plaintiffs." *Kurz*, 96 F.3d at 1553 (citing *Rosen v. Hotel & Rest. Emps. & Bartenders Union*, 637 F.2d 592, 598 (3d Cir. 1981), *cert. denied*, 454 U.S. 898 (1981) (holding that pension fund could not deny benefits to participant on grounds that participant's employer failed to pay required contributions where fund administrator allowed employee to pay contributions himself); *Curcio*, 33 F.3d at 238 (finding extraordinary circumstances where insurer misrepresented type of coverage available, informed patient that certain coverage would be provided, and then disclaimed coverage); *Smith v. Hartford Ins. Grp.*, 6 F.3d 131, 142 (3d Cir. 1993) (suggesting extraordinary circumstances might exist where plaintiff repeatedly and diligently inquired about benefits and defendant repeatedly misrepresented scope of coverage to plaintiff)). The Third Circuit has declined to find extraordinary circumstances where there was an oral misrepresentation to beneficiaries, but "no showing of repeated misrepresentations over time." *Id.* In contrast, the Third Circuit has found extraordinary

circumstances existed where there were repeated oral and written misrepresentations coupled with plaintiff's diligence in trying to determine his benefits. *Pell*, 539 F.3d at 304-05.

Here, viewing the facts in the light most favorable to Plaintiff, the facts are insufficient to establish extraordinary circumstances. First, in response to this Court's October 8, 2015 Order, Plaintiff did not file a Rule 56(d) affidavit, but instead stated numerous times in his Response to Defendant's Statement of Undisputed Facts that:

> unless and until Plaintiff is able to obtain the aforementioned discovery from Munich Re, Plaintiff is unable to fully respond to Munich Re's Statement Of Uncontested Material Facts. Therefore, Plaintiff requests leave of this Court to obtain full responses to the previously propounded discovery, including depositions of the aforementioned noticed deponents, pursuant to F.R.C.P. 56(d) since substantially all facts lie within the exclusive possession of Munich Re and same are otherwise unavailable to Plaintiff.

(Pl.'s Resp. ¶¶ 2-3, 6, 13-14, 17, 21.) Plaintiff's statement is deficient because it is not contained within an affidavit or declaration and, additionally, it fails to fulfill the requirements of Rule 56(d). Therefore, the relevant facts before this Court are: (1) in 1999, two human resource employees orally told Plaintiff he would receive pension credit for the approximately three-year period he was on the SMS payroll; (2) Plaintiff's employee profile listed a hire date of July 1, 1991; and (3) in 2011, Plaintiff learned he would not receive the pension credit and began what is the long procedural history of this litigation.

The isolated misrepresentation by two human resource employees and a notation as to a hire date do not constitute extraordinary circumstances. Here, there is no showing of fraud, of repeated misrepresentations over time, and no suggestion that Plaintiff was particularly vulnerable. Additionally, unlike the plaintiff in *Pell*, Plaintiff was not "diligent" and did not engage in "persistent questioning" about the benefits that were at stake. Instead, Plaintiff relied on a single statement by two human resource personnel and concluded that a notation in his employee profile

9

regarding his hire date confirmed he would receive pension credit. These facts do not constitute extraordinary circumstances under Third Circuit precedent. Accordingly, Defendant's motion is granted and judgment is entered in favor of Defendant.

## IV.     Conclusion

For the reasons set forth above, Defendant's motion for summary judgment is granted. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

**Dated:** January 13, 2016